AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

FILED
CHARLOTTE, NC

FEB 02 2015

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 3:15-MJ-54 |
| Alexander Zifcak | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 30, 2015__ in the county of __Mecklenburg__ in the __Western__ District of __North Carolina__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21 U.S.C. Section 841(a)(1) | Manufacture and Possession with Intent to Distribute a Schedule III Controlled Substance (anabolic steroids). |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Andrew J. Pinney, Task Force Officer, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 01/30/2015

_____
*Judge's signature*

City and state: Charlotte, North Carolina

David S. Cayer, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Andrew J. Pinney, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Task Force Officer with the Drug Enforcement Administration (DEA), and have been since May, 2014. I am currently assigned to the Charlotte District Office of the DEA. I have been assigned to the DEA for approximately eight (8) months and have a total of approximately eight (8) years law enforcement and investigative experience. I have received specialized training throughout my law enforcement career, including the 16-week North Carolina Basic Law Enforcement Training course. This training included identification of controlled substances and training on classifications of various controlled substances. I have gained significant experience through my time as a patrol officer, street crime officer, and Task Force Officer on methods of unlawful drug trafficking including illegal steroids; the identification of controlled substances including illegal steroids; surveillance; undercover operations; confidential source management; the means by which drug traffickers derive, launder, and conceal their profits from drug trafficking; the use of assets to facilitate unlawful drug trafficking activity; and, the law permitting the forfeiture to the United States of assets purchased with drug proceeds or assets used or intended to be used to facilitate the drug violations.

2. This Affidavit is presented in support of a Criminal Complaint charging Alexander Zifcak (ZIFCAK) with violations of Title 21, United States Code, Section 841(a)(1), manufacture and possession with intent to distribute a Schedule III Controlled Substance (anabolic steroids).

3. This Affidavit contains information necessary to support probable cause for the Criminal Complaint. The information contained in this Affidavit is based on my personal participation in the investigation of this case and from information provided to me by other Special Agents and Task Force Officers, as well as other federal, state, and local law enforcement agents and officers. Since this Affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of a Criminal Complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts which I believe are necessary to establish the requisite foundation for probable cause.

## Probable Cause

4. On or about January 29, 2015, investigators with the DEA Charlotte District Office (CDO) obtained information regarding suspicious shipments from a Florida laboratory supply company between April, 2014, and August, 2014, to ZIFCAK, with an address of 2918 Tacoma Street, Apartment 4, in Charlotte, North Carolina.

5. Based upon the above information, on January 30, 2015, I spoke with the apartment manager for the complex including 2918 Tacoma Street. The apartment

manager informed me that ZIFCAK was the sole lessee of 2918 Tacoma Street, Apartment 4, and that he had been leasing the apartment since January of 2014. I subsequently observed a copy of ZIFCAK's North Carolina photo ID card in his lessee's file.

6. At approximately 1:30 p.m. on January 30, 2015, I and other agents then proceeded to 2918 Tacoma Street, Apartment 4, and conducted a "knock and talk" investigation. ZIFCAK answered the door. Agents identified themselves and advised ZIFCAK that they had information that illegal steroid manufacturing products were being shipped to the residence, and asked permission to search the premises. ZIFCAK granted permission to search and indicated that a friend was present upstairs. Agents then proceeded immediately to conduct a security sweep of the premises.

7. ZIFCAK and his friend, Martin Klaus, both remained in the living room of Apartment 4 as agents conducted the security sweep. During the sweep, agents observed the following:

    a. In the kitchen of the apartment:
        i. At least two large beakers one of which was on the stove, containing a bright yellow liquid which based upon my training and experience appeared to be an illegal anabolic steroid.
        ii. At least fifty (50) small, glass vials containing what appeared to be the same bright yellow liquid which I believe to be an anabolic steroid. These small glass vials appeared capped for use with a syringe.
        iii. On the counter next to the small glass vials was a digital scale which, based upon my training and experience, was being used to measure drug amounts during the manufacture of the anabolic steroids.
        iv. Next to the stove was a large glass thermometer which, based upon my training and experience, was being used to measure the temperature of the illegal anabolic steroids during their manufacture.

    b. In the upstairs front bedroom of the apartment:
        i. Approximately nine (9) plastic crates containing numerous small glass vials of a similar bright yellow liquid to that in the kitchen, which I believe to be an anabolic steroid.
        ii. Two (2) laptop computers.
        iii. A multifunction printer.
        iv. Approximately twenty (20) flat-rate, U.S. Postal Service shipping boxes of various sizes and numerous, blank U.S. Postal Service shipping labels.

    c. In the living room there was a large, press-board crate approximately

four (4) feet by four (4) feet in dimension, large enough to contain a crouched human. For officer safety, the crate was opened and within was observed what in my training and experience appeared to be a pill press for the manufacture of controlled substances.

## Conclusion

10. Based on the foregoing, I respectfully submit that there is probable cause to believe that Alexander ZIFCAK committed violations of Title 21, United States Code, Section 841(a)(1), manufacture and possession with intent to distribute a Schedule III Controlled Substance (anabolic steroids).

I respectfully request the issuance of this Criminal Complaint based on the facts contained within this Affidavit.

_____
ANDREW J. PINNEY,
TASK FORCE OFFICER
DRUG ENFORCEMENT
ADMINISTRATION

Subscribed and sworn to before me this 30th day of January, 2015.

_____
HON. DAVID S. CAYER
UNITED STATES MAGISTRATE JUDGE
WESTERN DISTRICT OF NORTH CAROLINA